IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS BROWN, | : |
| Petitioner | : |
| v. | : Case No. 3:24-cv-49-KAP |
| MELISSA HAINSWORTH, WARDEN, | : |
| S.C.I. LAUREL HIGHLANDS, | : |
| Respondent | : |

Memorandum Order

In considering habeas petitions under 28 U.S.C.§ 2254, the All Writs Act, 28 U.S.C.§ 1651, provides that this court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). *See* Harris v. Nelson, 394 U.S. 286, 298 (1969)("[A] district court may, in an appropriate case, arrange for procedures which will allow development … of the facts relevant to disposition of a habeas corpus petition.") and *id.* at 300 ("[W]hen the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held, [it] may issue such writs and take or authorize such proceedings with respect to development … of the facts relevant to the claims advanced by the parties, as may be 'necessary or appropriate in aid of [its jurisdiction] … and agreeable to the usages and principles of law.' ")

My preliminary review of the Petition originally filed in March 2024, ECF no. 4, indicated that petitioner only raised the claim that the state courts were unduly delaying disposition of his PCRA proceedings. I advised petitioner that since he ordinarily is limited to one federal habeas petition, he should file an amended petition raising all his claims. The petitioner did that in September 2024, *see* Amended Petition, ECF no. 16. That month, the Pennsylvania Superior Court dismissed petitioner's PCRA appeal for failure to file a brief.

The respondent, served with the original Petition, replied to it in December 2024, *see* Response, ECF no. 21, raising the defense of procedural default. The merits of that defense to the Petition -or to the Amended Petition- depend in part on whether the petitioner received a copy of the state court record, and if so, when, and if so, what did that record contain? The petitioner claims that, with the exception of PCRA's notice of intent file a motion to withdraw and no-merit letter received in November 2023, he never received a copy of the state court record, even after the Court of Common Pleas of Beaver County ordered the Clerk of Court to send it to him. Petition at 3 (as of February 2024); Amended Petition at ¶12 (as of August 2024). The respondent asserts that a copy of the state court record was sent to petitioner and "confirmed received on October 24, 2023."

1

Response at 23, *citing* Commonwealth's Exhibit 145.  Under the All Writs Act, it is therefore

Ordered that counsel for the respondent shall obtain by affidavits from employees of the Clerk of Beaver County and of the Pennsylvania Department of Corrections, and from any other necessary person, information relevant to the answers to the following questions:

(1) What was the content of the state court record the Clerk sent to petitioner, and

(2) what evidence other than Commonwealth's Exhibit 145 is there to show that petitioner received it on October 24, 2024 or ever?

The affidavits shall be filed in a supplemental response on or before January 31, 2025. Further proceedings will be scheduled by subsequent order if necessary. In the meantime, counsel for the respondent shall follow through to ensure that the Clerk of Beaver County sends the original transcripts to me. *See* Response at 3 n.9-n.12.

DATE:  December 17, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Douglas Brown QK-8697
S.C.I. Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA 15501